40619. BELL v. THE STATE.

GREGORY, Justice.

The defendant was convicted under OCGA § 16-11-36 (Code Ann. § 26-2616) for "loitering and prowling." The evidence at trial

---

showed that the arresting officer, a veteran patrol officer in the downtown Atlanta area, observed, near midnight, the defendant and another man squeezing between the wall and a locked gate of the Davison's parking garage in order to exit the garage. When the officer attempted to question the men, the defendant's companion fled. The defendant immediately halted and gave no resistance. After the defendant's companion was apprehended, the arresting officer advised both men of their rights under Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), but did not place them under arrest. The officer then inquired whether they would like to explain why they were exiting the parking garage by squeezing through a locked gate. The defendant responded they were taking a short-cut through the garage.

The arresting officer testified that he believed this to be an unreasonable explanation as the defendant would have had to enter the garage from Carnegie Street, walk 150 feet to the stairwell, go down two flights of steps, then walk another 250 feet to the point where he could squeeze by the locked gate. The officer expressed his opinion that this path did not amount to a short-cut, but, in fact, required far greater effort on the part of the defendant than if he had simply travelled the sidewalk to his intended destination. The officer then placed the defendant and his companion under arrest. The officer testified the arrest was made due to his concern for the safety of the vehicles parked in the Davison's garage.[1]

1. The defendant makes a facial attack on OCGA § 16-11-36 (Code Ann. § 26-2616), arguing initially that it is void for vagueness. The pertinent sections of this statute provide:

"(a) A person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.

"(b) Among the circumstances which may be considered in determining whether alarm is warranted is the fact that the person takes flight upon the appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object. Unless flight by the person or other circumstances make it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this Code section, afford the person an opportunity

---

[1] This evidence shows Davison's was not open at the time of arrest, but that the parking garage remained open to serve the hotel district trade. Four cars were parked on the level from which the defendant was observed exiting.

to dispel any alarm or immediate concern which would otherwise be warranted by requesting the person to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this Code section if the law enforcement officer failed to comply with the foregoing procedure or if it appears at trial that the explanation given by the person was true and would have dispelled the alarm or immediate concern.

"(c) A person committing the offense of loitering or prowling shall be guilty of a misdemeanor."

The defendant maintains the phrases "loiter," "prowl" and "in a place at a time or in a manner" are "elastic standards which fail to provide sufficient guidelines to ordinary people so that they can understand what conduct is prohibited by the statute."

In construing the constitutionality of a statute, we must examine it in its entire context. The legislature enacted OCGA § 16-11-36 (Code Ann. § 26-2616) in 1980, patterning it after the Florida loitering statute, § 856.021, and Section 250.6 of the Model Penal Code.[2] With the exception of minor distinctions, OCGA §

---

[2] Governor George Busbee proposed OCGA § 16-11-36 (Code Ann. § 26-2616) to the legislature in January 1980. The statute was specifically patterned after Florida statute Section 856.021 and the Model Penal Code, Proposed Official Draft Section 250.6 of the American Law Institute (1962), in part because the constitutionality of the Florida statute had been upheld by the Florida Supreme Court. State v. Ecker, 311 S2d 104 (Fla.) (1975), cert. denied, Bell v. Florida, 423 U. S. 1019 (96 SC 455, 46 LE2d 391) (1975). *See, Memorandum,* Office of the Governor, January 18, 1980.

Florida Statutes Section 856.021 provides:

"(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.

"(2) Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object. Unless flight by the person or other circumstances makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting him to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this section if the law enforcement officer did not comply with this procedure or if it appears at trial that the explanation given by the person is true and, if believed by the officer at the time, would have dispelled the alarm or immediate concern.

"(3) Any person violating the provisions of this section shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083."

Model Penal Code § 250.6 provides:

"A person commits a violation if he loiters or prowls in a place, at a time, or in a manner not usual for law-abiding individuals under circumstances that warrant

16-11-36 (Code Ann. § 26-2616) is drafted in language identical to that of the Florida statute and Model Penal Code.[3]

In upholding the Florida statute against a void-for-vagueness attack, the Florida Supreme Court concluded the statute could be interpreted in a constitutional manner to proscribe only loitering or prowling which amounts to a threat to the safety of persons or property, conduct which persons of common intelligence may readily appreciate. State v. Ecker, 311 S2d 104 (Fla.) (1975), cert. den., Bell v. Florida, 423 U. S. 1019 (96 SC 455, 46 LE2d 391) (1975). The Comments to § 250.6 of the Model Penal Code support the interpretation that the conduct sought to be prohibited is only that loitering which creates a danger to persons or property. "As a threshold matter, the section requires at least some manifestation of aberrant behavior [and] . . . the circumstances must be such that this behavior warrants alarm for the safety of persons or property in the vicinity." Comments, § 250.6 Model Penal Code, Proposed Official Draft of the American Law Institute, p. 390 (1962).

We agree with these observations and find them applicable to our analysis of the constitutionality of OCGA § 16-11-36 (Code Ann. § 26-2616). But see, City of Portland v. White, 9 Ore. App. 239 (495 P2d 778) (1972); City of Bellevue v. Miller, 85 Wash. 2d 539 (536 P2d 603) (1975).[4] While the meanings of certain isolated terms are arguably

---

alarm for the safety of persons or property in the vicinity. Among the circumstances which may be considered in determining whether such alarm is warranted is the fact that the actor takes flight upon appearance of a peace officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object. Unless flight by the actor or other circumstance makes it impracticable, a peace officer shall prior to any arrest for an offense under this section afford the actor an opportunity to dispel any alarm which would otherwise be warranted, by requesting him to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this Section if the peace officer did not comply with the preceding sentence, or if it appears at trial that the explanation given by the actor was true and, if believed by the peace officer at the time, would have dispelled the alarm."

[3] The most notable of these distinctions involves the standard by which a proferred explanation of the suspect's "conduct and presence" is to be judged. The Florida statute and MPC provide "No person shall be convicted of an offense under this section if . . . it appears at trial that the explanation given by the [suspect] is true, and *if believed by the officer at the time,* would have dispelled the alarm or immediate concern." (Emphasis supplied.) The corresponding provision of OCGA § 16-11-36 (Code Ann. § 26-2616) states, "No person shall be convicted of an offense under this Code section if . . . it appears at trial that the explanation given by the person was true *and would have dispelled the alarm or immediate concern.*" (Emphasis supplied.)

[4] Both the Oregon statute and Washington Municipal ordinance were patterned after § 250.6 of the Model Penal Code. The statute and ordinance in these cases were

elusive, the statute, when read as a whole, passes constitutional muster in advising persons of ordinary intelligence of the conduct sought to be prohibited. The statute also defines the offense in terms which discourage arbitrary enforcement. Due process requires no more. Kolender v. Lawson, —— U. S. —— (103 SC 1855, 75 LE2d 903) (1983); *Monroe v. State,* 250 Ga. 30 (295 SE2d 512) (1982). The offense of loitering is committed only when the actor engages in conduct "not usual for law abiding individuals" which creates "a reasonable alarm or immediate concern for the safety of persons or property in the vicinity." While as defendant suggests, perspectives may differ as to what conduct is "usual" for law-abiding citizens, the statute narrows the construction of this phrase by making it clear the conduct must be that which would alarm a reasonable person that danger exists to person or property. The statute further provides guidelines for determining whether this alarm is justified, thus avoiding the possibility of arbitrary enforcement.

Initially the investigating officer must determine whether the suspect's conduct poses a danger to persons or property. Section (b) offers guidelines to assist the officer in making this determination. However, these guidelines do not require the officer to make an arrest, even if one or more of the situations suggested therein is present. If, drawing on all his professional experience, the officer concludes the suspect presents a danger to persons or property in the vicinity and arrests him for loitering or prowling, it is then a matter for the trier of fact to determine whether, under all the circumstances revealed by the evidence, the suspect's conduct gave rise to reasonable alarm for the safety of persons or property. In resolving this issue the jury may also consider the guidelines of Section (b). The statute does not require a conviction if one or more of the listed circumstances is found. We point out that while there are useful guidelines, they do not represent an exhaustive list of factors which may be used in assessing whether the suspect's conduct reasonably warrants alarm. We also point out that under Section (b), no violation occurs if the investigating officer fails to afford the suspect an opportunity to dispel otherwise reasonable alarm by explaining his conduct.

Following the Florida Supreme Court we hold that the words " 'under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity' mean those circumstances where peace and order are

---

similar to OCGA § 16-11-36 (Code Ann. § 26-2616). Both were declared unconstitutional on vagueness grounds.

threatened or where the safety of persons or property is jeopardized." 311 S2d at 109.

Defendant's reliance on *Bullock v. City of Dallas,* 248 Ga. 164 (281 SE2d 613) (1981) is misplaced. In that case we struck a municipal ordinance[5] which provided no guidelines by which " 'any citizen who desired to conform his conduct to this provision would be [able] to discern whether he risked criminal responsibility. . . .' " 248 Ga. at 167. As pointed out above, OCGA § 16-11-36 (Code Ann. § 26-2616) does not suffer from this defect.[6]

2. Defendant complains OCGA § 16-11-36 (b) (Code Ann. § 26-2616) violates the Fifth and Fourteenth Amendments (Code Ann. §§ 1-805 and 1-815 et seq.) by requiring a suspect to identify himself as well as explain his presence and conduct.

We agree with the defendant "that while police have the right to request citizens to answer voluntarily questions concerning unsolved crimes they have no right to compel them to answer." Kolender v. Lawson, 103 SC, supra, at 1860, n. 9; Davis v. Mississippi, 394 U. S. 721, 727, n. 6 (89 SC 1394, 22 LE2d 676) (1969). However, the State

---

[5] The Dallas City Ordinance provided: "No person shall remain or loiter upon any premises to which the public has access, including but not limited to such places as business and shopping area parking lots, where the person's presence upon such premises is unrelated to the normal activity, use or business for which such premises are made available to the public." We determined that the broad language of the ordinance could impose criminal liability on a person who suffered a sudden injury while on the premises or on a child retrieving his baseball from a business parking lot. 248 Ga. at 168.

[6] Nor are we persuaded that Kolender v. Lawson, —— U. S. —— (103 SC 1855, 75 LE2d 903) (1983) is apposite. Cal. Penal Code § 647(e) provides a person is guilty of a misdemeanor if he "loiters . . . upon the streets . . . and refuses to identify himself and account for his presence when requested by a police officer to do so, if the surrounding circumstances are such as to indicate to a reasonable man that the public safety demands such identification." The California Court of Appeal interpreted the statute to require an individual to furnish "credible and reliable identification . . . carrying reasonable assurance that the identification is authentic and providing a means for getting in touch with the person who has identified himself." People v. Solomon, 33 Cal. App. 3d 429, 438 (108 Cal. Reptr. 867) (1973), cert. den., 415 U. S. 951 (1974). In affirming the determination by the Ninth Circuit that the statute is unconstitutional, the Supreme Court stated the statute "contains no standard for determining what a suspect has to do in order to satisfy the requirement to provide a 'credible and reliable' identification." 103 SC at 1859. The Court expressed its concern that the determination of " 'credible and reliable' identification . . . 'entrust(s) lawmaking "to the moment-to-moment judgment of the policeman on his beat." ' " 103 SC at 1860. As we have pointed out, OCGA § 16-11-36 (Code Ann. § 26-2616) does contain standards for determining what a citizen must do to comply with the law. The enforcement of the statute does not place unbridled discretion in the power of law enforcement officials.

correctly points out that OCGA § 16-11-36 (Code Ann. § 26-2616) does not require a suspect to provide information, but, rather, guarantees him the opportunity to explain his conduct, thereby possibly dispelling the officer's concern for the safety of persons or property before any official action is allowed. We conclude the proffering of this opportunity does not abrogate the right against self-incrimination. The statute permits the officer to make a threshold inquiry to evaluate the situation confronting him. The statute does not permit an interrogation of the suspect for the purpose of gathering evidence to establish guilt. See *Shy v. State,* 234 Ga. 816, 823 (218 SE2d 599) (1975).

The defendant misreads the statute in arguing that an accused may be convicted in any circumstance where he fails to explain his conduct and presence to the satisfaction of the arresting officer. The statute, in fact, safeguards against this situation. Section (b) provides in part, "No person shall be convicted of an offense under this Code section . . . if it appears at trial that the explanation given by the person *was true* and *would have dispelled the alarm or immediate concern.*" (Emphasis supplied.) We conclude the legislature intended for the trier of fact to determine, after hearing all the evidence at trial, whether the accused's explanation was true and should reasonably have dispelled the arresting officer's concern for the safety of persons or property in the area. That is, unless the trier of fact determines, beyond a reasonable doubt, under all circumstances of the case, that the explanation given would *not* have dispelled the officer's alarm or immediate concern, the accused must be acquitted. *See* Note 3, supra; *compare* Section 856.021, Florida statutes, § 250.6 Model Penal Code.

3. We conclude OCGA § 16-11-36 (Code Ann. § 26-2616) is not void for vagueness nor does it, on its face, violate the right against self-incrimination.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*

DECIDED MARCH 7, 1984.

*David Markus,* for appellant.
*James L. Webb, Solicitor, Christina Craddock, Assistant Solicitor,* for appellee.
*Michael R. Hauptman,* amicus curiae.