## 43933. HUBBARD v. THE STATE.
(352 SE2d 383)

GREGORY, Justice.

Amos Hubbard was convicted in a bench trial in the State Court of Clarke County of the offense of maintaining a disorderly house. He was sentenced to serve 12 months in confinement concurrently with another sentence.

Hubbard contended below and contends here that the disorderly house statute is facially unconstitutional because it violates the due process clause of the 14th Amendment to the United States Constitution in that it is too vague. His motion below for relief on this ground was denied and we affirm. In his brief before this court Hubbard asserts that the statute violates due process under the Georgia Constitution, but because of his failure to raise the issue below it is not reached. The disorderly house statute is found in OCGA § 16-11-44: "A person who keeps and maintains, either by himself or others, a common ill-governed, and disorderly house, to the encouragement of gaming, drinking or other misbehavior, or to the common disturbance of the neighborhood or orderly citizens, is guilty of a misdemeanor." The accusation on which Hubbard was prosecuted alleged violations of all material provisions of the statute in conjunctive terms. He was charged with keeping and maintaining a disorderly house encouraging gambling, drinking and other misbehavior to the common disturbance of the neighborhood or orderly citizens in a certain location in Athens. The record contains no transcript or other indication of what evidence the trial judge heard to determine guilt. We are not told whether all or only one or some of the elements of the statute alleged in the accusation to have been violated were supported by evidence.

Hubbard relies on the void-for-vagueness doctrine in his due process challenge. In particular he points to *Papachristou v. City of Jacksonville*, 405 U. S. 156 (92 SC 839, 31 LE2d 110) (1972), where a Jacksonville vagrancy ordinance was struck down on account of vagueness. The ordinance, recited in full in footnote one of the opinion, criminalized numerous activities including "wandering or strolling from place to place without any lawful purpose or object," "common night walk[ing]" and "common railers and brawlers." Several defendants were convicted under various provisions of the ordinance. In its rationale for declaring the ordinance unconstitutional the court concluded it (1) "fail[ed] to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden," *United States v. Harriss*, 347 U. S. 612, 617 (74 SC 808, 98 LE 989) (1954), and (2) "placed unfettered discretion in the hands of the police" thus "encouraging arbitrary and erratic arrests and convictions." *Thornhill v. Alabama*, 310 U. S. 88 (60 SC 736, 84 LE 1093) (1940); *Herndon v. Lowry*, 301 U. S. 242 (57 SC 732, 81 LE 1066) (1937). Hubbard uses

this rationale in his attack here and points out the disjunctive wording of the disorderly house statute so that one who maintains such a house either to the encouragement of "gaming," or "drinking," or "other misbehavior" is a violator. He poses a hypothetical case where one regularly hosts a Sunday afternoon professional football TV party in his home, serving beer. "Arguably" says Hubbard "the owner of the house has encouraged 'drinking,' 'gaming,' and in the view of many persons, 'misbehavior.' " He concludes the legislature might constitutionally penalize "gambling, prostitution, or disturbing the peace" but here far more activity is proscribed, the boundaries of which are too vague and indefinite.

We understand this argument to posit that the statute might constitutionally prohibit the maintenance of a "gambling" house and perhaps even a "drinking" house but to proscribe the maintenance of a house for "other misbehavior" runs afoul of the void-for-vagueness doctrine.

Hubbard's argument overlooks the principle that one whose own conduct may be constitutionally proscribed will not be heard to challenge a law because it may conceivably be applied unconstitutionally to others. *United States v. Mazurie*, 419 U. S. 544, 550 (95 SC 710, 42 LE2d 706) (1975); *Parker v. Levy*, 417 U. S. 733 , 759 (94 SC 2547, 41 LE2d 439) (1974); *Broadrick v. Oklahoma*, 413 U. S. 601, 610 (93 SC 2908, 37 LE2d 830) (1973); *Hardison v. Shepard*, 246 Ga. 196 (269 SE2d 458) (1980).

We observe that OCGA § 16-11-44 has been construed in a limiting fashion, pointing to the words "common. . .disorderly house," and concluding they require not casual occurrences but general, customary habits of the house. *Palfus v. State*, 36 Ga. 280, 285 (2) (1867). The disturbance of the neighborhood may not be the disturbance of one among many but must be a general disturbance of the neighborhood. *Clare v. State*, 135 Ga. App. 281, 282 (217 SE2d 638) (1975). So far as OCGA § 16-11-44 proscribes the maintenance of a house to the encouragement of gambling on a general, customary or habitual basis, we hold one of ordinary intelligence is given fair notice of what conduct is prohibited and arbitrary and erratic arrests and convictions are not encouraged. We have the same view of the statute in its proscription of the maintenance of a "drinking" house. Other possible challenges aside, the conduct in question is clearly enough described. More troubling is the phrase "other misbehavior." A specific challenge by one who has been charged under this phrase will have to be dealt with when that case arises. Hubbard, who was charged in the accusation with violating all elements of the statute, has not shown us the evidence used to convict him, relying instead on a facial challenge to the entire statute. We decline to strike down this statute as facially unconstitutional where there are a substantial num-

ber of situations to which it may constitutionally be applied. *Parker v. Levy,* supra at 760.

*Judgment affirmed. All the Justices concur.*

CLARKE, Presiding Justice, concurring.

I concur in the holding of the majority and I would also affirm because of our pronouncement in *Hardison v. Shepard,* 246 Ga. 196, 197 (269 SE2d 458) (1980). There we said, "[i]n the context of the present case, it is impossible to determine the nature of the conduct which gave rise to the charge of driving too fast for conditions. 'It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand.' *United States v. Mazurie,* 419 U. S. 544, 550 (95 SC 710, 42 LE2d 706) (1975)."

DECIDED JANUARY 28, 1987.

*Sara F. Miller, Timothy W. Floyd,* for appellant.
*Ken Stula, Solicitor,* for appellee.