S93A1553. DOUGLAS v. THE STATE.
(438 SE2d 361)

FLETCHER, Justice.

Sandy Jean Douglas was convicted of inducing a mother to part with her child in violation of OCGA § 19-8-24 (a) (2) by purchasing a used car for the mother of the child in exchange for physical custody or control of the child. Douglas pled guilty to the offense but reserved her right to challenge the constitutionality of § 19-8-24 (a) (2) on vagueness grounds.[1] We find § 19-8-24 (a) (2) is sufficiently clear to advise a person of ordinary intelligence of the conduct proscribed and affirm.

---

[1] Douglas filed a motion to dismiss the indictment on the same constitutional vagueness grounds raised on this appeal contending that the statute violates Art. I, Sec. I, Par. I of the Constitution of the State of Georgia and the Fourteenth Amendment to the United States Constitution. The court denied the motion to dismiss, upholding the constitutionality of the statute, and ultimately sentenced Douglas to a five-year term to be served on probation and imposed a $5,000 fine.

1. OCGA § 19-8-24 (a) (2) makes it unlawful for a person or entity other than a licensed child-placing agency to "directly or indirectly, hold out inducements to parents to part with their children." Douglas contends that the statute's description of prohibited conduct is so uncertain that it cannot be determined with reasonable definiteness that any particular act is disapproved and is, therefore, subject to arbitrary enforcement. Specifically, she argues that the statute makes it a crime for one to hold out inducements to a parent to part with their children without providing any warning as to what is meant by the "inducement" or "parting with their children" language of the statute.

2. The Constitution provides procedural safeguards to protect against conviction for crimes not clearly defined, but does not require impossible standards. *United States v. Petrillo*, 332 U. S. 1, 7 (67 SC 1538, 91 LE 1877) (1947). All that is required to withstand a vagueness challenge under the due process clauses of the state and federal constitutions is that the challenged statute convey sufficiently definite warning as to the proscribed conduct when measured by common understanding, *Petrillo*, 332 U. S. at 7; *Satterfield v. State*, 260 Ga. 427 (395 SE2d 816) (1990), and provide explicit standards to those who enforce the law in order to prevent arbitrary enforcement. *Grayned v. City of Rockford*, 408 U. S. 104, 108 (92 SC 2294, 33 LE2d 222) (1972). On this appeal, the sufficiency of the notice provided by § 19-8-24 (a) (2) must be considered in light of the specific conduct engaged in by Douglas and not abstract or marginal offenses. *Village of Hoffman Estates v. Flipside*, 455 U. S. 489, 495 (102 SC 1186, 71 LE2d 362) (1982); *United States v. Mazurie*, 419 U. S. 544, 550 (95 SC 710, 42 LE2d 706) (1975); *United States v. Nat. Dairy Products Corp.*, 372 U. S. 29, 34 (83 SC 594, 9 LE2d 561) (1963).

3. OCGA § 19-8-24 (a) defines the term "inducement" to include any direct or indirect financial assistance except "payment or reimbursement of the medical expenses directly related to the mother's pregnancy and hospitalization for the birth of the child and medical care for the child." Thus, § 19-8-24 (a) (2) provides clear warning that if a person provides any financial assistance to a parent other than that specifically excluded from the definition set forth in the statute, that person provides an "inducement" to the parent.

In order to violate § 19-8-24 (a) (2), however, the financial assistance must be held out to induce parents to "part" with their child. Although this term, not defined in the statute, may be interpreted to contain certain ambiguities, the prohibition of inducing parents to "part" with their children is sufficiently clear to cover Douglas' conduct. Douglas admits that she purchased an automobile for the mother of the child and the mother subsequently gave her the child. Based on the clear language of the statute and assigning the ordinary

meaning to the words used in the statute, we hold that the challenged terms have meanings sufficiently precise for a person of ordinary intelligence to understand that offering an automobile to a parent in exchange for physical custody or control of a child is proscribed. This conduct so clearly comes within the language of the statute that the statute provides sufficient constitutional notice of the proscribed conduct and explicit standards such that judges and juries may fairly administer the law. The Constitution requires no more.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 24, 1994.

*Wright & Hyman, G. Russell Wright,* for appellant.

*John C. Pridgen, District Attorney, Denise D. Fachini, Assistant District Attorney,* for appellee.