S01A1056. BAGBY v. THE STATE.
(552 SE2d 807)

THOMPSON, Justice.

A grand jury indicted Victoria Ann Bagby for contributing to the deprivation of a minor, in violation of OCGA § 16-12-1 (b) (3). Bagby filed a general demurrer and motion to quash the indictment, asserting that the statute under which she was charged is unconstitutionally vague. The motion was denied and the case was tried to the court without a jury on a written stipulation of facts. Bagby was found guilty by the trial court. She appeals to this Court to review the denial of her constitutional challenge. Finding that OCGA § 16-12-1 (b) (3) provides sufficient warning to a person of ordinary intelligence of the proscribed conduct, we affirm.

The stipulated facts show that Bagby's three-year-old daughter, Micheala, suffered multiple skull fractures and life-threatening brain injuries when Bagby's boyfriend, Randy Lee Stiwinter, struck the child in the head with his fist and shoved her head into a desk. For several months prior to that event, Bagby had observed Stiwinter exhibit aggressive behavior toward Micheala, which began as verbal abuse and then progressed into physical violence. He often told Bagby that he detested the child and threatened to harm her. During

that time, Bagby observed Stiwinter "pop" Michaela on the face and legs, and he admitted to her that he had bitten the child on the arm. He would regularly take the child into the bathroom to "correct" her behavior and would remain there with her with the door closed. A week before the final injuries, Stiwinter took Michaela into the bathroom where he beat her about the face.

On the day in question, both Bagby and Stiwinter were using methamphetamine. Although she knew that the drug tended to exacerbate Stiwinter's violent behavior, Bagby left the child alone with him while she briefly left the house. When Bagby returned, she observed that the child had sustained a head injury and she was crying weakly. Nonetheless, Bagby allowed Stiwinter to shut the child in the bathroom. When Bagby checked on her, the child was unresponsive and was unable to stand or hold her head erect. The couple decided to seek medical attention and on the way to the hospital, they concocted the story that Micheala had fallen from a clothes dryer. Bagby later admitted the lie and blamed Stiwinter for the child's injuries.

1. Bagby asserts that OCGA § 16-12-1 (b) (3) is unconstitutionally vague.

> All that is required to withstand a vagueness challenge under the due process clauses of the state and federal constitutions is that the challenged statute convey sufficiently definite warning as to the proscribed conduct when measured by common understanding, [cits.], and provide explicit standards to those who enforce the law in order to prevent arbitrary enforcement.

*Douglas v. State*, 263 Ga. 748, 749 (2) (438 SE2d 361) (1994). See also *Davis v. State*, 272 Ga. 818 (2) (537 SE2d 327) (2000).

OCGA § 16-12-1 (b) (3) provides:

> A person commits the offense of contributing to the delinquency, unruliness, or deprivation of a minor when such person . . . (3) Willfully commits an act or acts or willfully fails to act when such act or omission would cause a minor to be found to be a deprived child as such is defined in Code Section 15-11-2, relating to juvenile proceedings.[1]

Bagby argues that the statute is unconstitutionally vague because the definition of "deprived child" contained in OCGA § 15-11-

---

[1] If, as in this case, the act or omission results in serious injury or death, the offense is a felony. OCGA § 16-12-1 (e).

2, and incorporated in OCGA § 16-12-1 (b) (3), fails to give adequate notice of the prohibited conduct.[2] We disagree. Measured by common understanding, the statute prohibits a person from wilfully committing an act or omission that deprives a child of the physical, mental, emotional or moral needs essential to the child's well-being. It is of no consequence that the definition of "deprived child," like other provisions of the Code relating to juvenile proceedings, must be liberally construed. See OCGA § 15-11-1. It is firmly established that criminal statutes must be strictly construed against the State. *Bankston v. State*, 258 Ga. 188 (367 SE2d 36) (1988). As OCGA § 16-12-1 (b) (3) is part of the penal Code, it is to be given strict construction, notwithstanding the interpretation to be given to juvenile proceedings in OCGA § 15-11-1. We hold that the statute provides sufficient warning to a person of ordinary intelligence of the prohibited conduct and is not susceptible to arbitrary and discriminatory enforcement. "The Constitution requires no more." *Douglas*, supra at 750.

2. The evidence was sufficient for a rational trier of fact to have found Bagby guilty beyond a reasonable doubt of the offense of contributing to the deprivation of a minor. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001.

*David L. Whitman*, for appellant.
*Daniel J. Porter, District Attorney, James M. Miskell, Assistant District Attorney*, for appellee.

---

[2] OCGA § 15-11-2 (8) defines a "deprived child" as a child who:
(A) Is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals;
(B) Has been placed for care or adoption in violation of law;
(C) Has been abandoned by his or her parents or other legal custodian; or
(D) Is without a parent, guardian, or custodian.