## S06A0500. BAKER v. THE STATE.
(633 SE2d 541)

BENHAM, Justice.

Appellant Desmond Baker was convicted of two counts of misdemeanor reckless conduct, violations of OCGA § 16-5-60 (b). In his appeal, he challenges the constitutionality of OCGA § 16-5-60 (b) and contends the investigating officer was erroneously permitted to give opinion testimony concerning appellant's duty to the two victims, his young children.

1. The State presented evidence that appellant visited the Lowndes County townhome occupied by his two children and their mother on December 25, 2004. While appellant was there, the mother went to a neighbor's apartment to make a telephone call, leaving appellant on the first floor of the townhome and the two children, ages nine months and three years old, on the second floor of the townhome. The three-year-old was in bed and the nine-month-old was in a walker. There was no protective device at the top of the flight of at least ten steps. Before the children's mother returned, appellant left the townhome. When the mother returned, she found herself locked out of her home. A police officer who responded to the call for help gained entry to the townhome by breaking a first-floor window near the bottom of the flight of stairs to the second floor. The officer testified she broke the window because she heard a crying child whose cries

became louder and the officer feared the increase in volume was due to the child getting closer to the top of the stairs. The three-year-old was found asleep in his bed and the nine-month old was in the walker in his mother's room, six feet from the stairs.

OCGA § 16-5-60 (b) makes it a misdemeanor for a person to endanger the bodily safety of another person "by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise. . . ."[1] The two accusations filed against appellant charged him with knowingly and intentionally endangering the safety of each child by leaving the child without supervision, thereby consciously disregarding a substantial and unjustifiable risk that his act would cause harm or endanger the child. The jury concluded that appellant's act of leaving his young sons unsupervised on the upper floor of a two-story home near an unprotected downward flight of stairs was a gross deviation from the standard of care which a reasonable person would exercise and constituted a conscious disregard of the substantial and unjustifiable risk that his act endangered the children's bodily safety. *Reyes v. State*, 242 Ga. App. 170 (1) (529 SE2d 192) (2000). The evidence presented by the State was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of misdemeanor reckless conduct. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Reyes v. State*, supra, 242 Ga. App. 170.

2. Appellant contends OCGA § 16-5-60 (b) violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution because it is vague. The Due Process Clause requires that a law "give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden." *United States v. Harriss*, 347 U. S. 612, 617 (74 SC 808, 98 LE 989) (1954); *Hubbard v. State*, 256 Ga. 637 (352 SE2d 383) (1987). Where, as here, the challenged statute does not involve First Amendment freedoms, it is examined in the light of the facts of the case at hand. *United States v. Mazurie*, 419 U. S. 544, 550 (95 SC 710, 42 LE2d 706) (1975); *Simmons v. State*, 262 Ga. 674 (424 SE2d 274) (1993). See *State v. Boyer*, 270 Ga. 701 (512 SE2d 605) (1999); *Hall v. State*, 268 Ga. 89 (485 SE2d 755) (1997); *Horowitz v. State*, 243 Ga. 441 (254 SE2d 828) (1979); and *Reyes v. State*, supra, 242 Ga. App. 170, all of which addressed a challenge to

---

[1] Contrary to appellant's assertion, the statute does not require that the victim suffer a physical injury. It is sufficient that the perpetrator consciously disregard a substantial and unjustifiable risk and thereby endanger the bodily safety of another. OCGA § 16-5-60 (b).

the constitutionality of OCGA § 16-5-60 (b) on the ground that it was so vague and indefinite that it failed to apprise persons of the prohibited conduct.

Our task is to determine if the statute gives a person of ordinary intelligence fair notice that it prohibits a person from leaving one's children, one an infant and the other a toddler, unsupervised on the upper floor of a two-story home that was not equipped with any device to keep the children from falling down the nearby flight of stairs, thereby endangering the safety of the children. We conclude that it does, just as the statute gives a person fair notice that it prohibits a parent's failure to supervise her three-year-old child which results in exposing the child to the substantial and unjustifiable risk of wandering in the street unsupervised (*Reyes v. State*, supra, 242 Ga. App. at 173), and just as the statute gives a person of ordinary intelligence fair notice that it prohibits driving a car on a residential street at such an excessive rate of speed so as to lose control of the car and skid 63 feet toward a child standing in his front yard. *Horowitz v. State*, supra, 243 Ga. 441. Contrary to appellant's assertion, the facts of the case at bar are not like those of *Hall v. State*, supra, 268 Ga. 89, where this Court concluded the statute did not put a person on fair notice that it prohibited a parent from putting her son who was nearly twelve years old in a temporary supervisory role over three younger children. The children in the case at bar were left with no supervision and in close proximity to a hazard that endangered their bodily safety. Accordingly, we affirm the trial court's decision that OCGA § 16-5-60 (b) is not unconstitutionally vague when applied to the facts of this case.

3. Appellant complains the investigating officer was permitted to give opinion testimony concerning appellant's "legal duties." When asked what information she took into account in charging appellant with reckless conduct, the officer testified, "He's the father of the children. . . . He should have been there and he should have stayed with the children to take care of them. He chose to leave the children unattended." Appellant's theory behind his objection was that he had no legal duty to the children, despite being their father, since he did not live with them. Appellant's theory is incorrect and we see no harmful error under the circumstances of this case in the officer's recitation of the factors that led her to initiate the reckless conduct charges against appellant.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 18, 2006.

*J. David Tucker*, for appellant.

*Richard W. Shelton, Solicitor-General, Sandra K. Guest, Assistant Solicitor-General,* for appellee.