S92A1307. LAND v. THE STATE.
(426 SE2d 370)

BENHAM, Justice.

Appellant was convicted of inciting to riot (OCGA § 16-11-31 (a)), and now challenges that conviction and the constitutionality of the statute.[1]

The State presented evidence that appellant, dressed in the ceremonial garb and pointed hood of a knight of the Ku Klux Klan, stood in the middle of a public street in front of an apartment building housing Hispanic residents, pointing his finger at the Hispanics gathered there. Hall County law enforcement officers responding to a "fight in progress" call saw appellant's lips moving while he was ges-

---

[1] OCGA § 16-11-31 (a) provides:
A person who with intent to riot does an act or engages in conduct which urges, counsels, or advises others to riot, at a time and place and under circumstances which produce a clear and present danger of a riot, commits the offense of inciting to riot.

ticulating at the Hispanics, but no witness heard what appellant said. The responding officers, well-trained in crowd control techniques, testified that the Hispanic group was agitated by appellant, and described the scene as "extremely tense." The officers readily admitted they would not have been able to handle the situation had it escalated. Fifteen to twenty minutes after the initial officer's arrival on the scene, appellant was arrested and charged with inciting to riot.

1. Appellant contends OCGA § 16-11-31 (a) is unconstitutionally vague and overbroad. He cites as evidence of vagueness the lack of definition of certain statutory terms ("act," "conduct," "urge," "counsel," "advise") and the failure to define what the time, place, and circumstances are that produce a clear and present danger of a riot.

> [T]o withstand a vagueness challenge, "all that is required is that the language '[convey] sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.' "

*Satterfield v. State*, 260 Ga. 427 (395 SE2d 816) (1990). The General Assembly need not define every word it uses in a statute, as a cardinal rule of statutory construction is "the ordinary signification shall be applied to all words, except words of art or words connected with a particular trade or subject matter. . . ." OCGA § 1-3-1 (b). OCGA § 16-11-31 meets appellant's vagueness challenge since, when read as a whole, it "provide[s] fair warning to persons of ordinary intelligence as to what it prohibits so that they may act accordingly." Id. at 428; *Bell v. State*, 252 Ga. 267, 271 (313 SE2d 678) (1984). See also *State v. Dargatz*, 228 Kan. 322 (614 P2d 430) (1980); *Chapman v. State*, 257 Ark. 415 (516 SW2d 598) (1974); *People v. Davis*, 68 Cal.2d 481, 67 Cal. Rptr. 547 (439 P2d 651) (1968).

The legislature's inclusion of the word "urge" in the statute allays appellant's concern that the statute is vague because it fails to distinguish between inciting one's supporters to riot and inciting one's opponents to riot. "Stimulate," "goad," and "provoke" are all synonyms of "urge." Webster's Third New International Dictionary (unabridged) (1971). Thus, the statute is the product of a legislative intent to cover intentional inciteful acts or conduct aimed at one's opponents as well as one's supporters.

Appellant suggests that the statute is overbroad in that it proscribes both illegal and legal conduct.[2] Appellant fails to note that it is not the *result* that causes the crime, but the doing of an act *with*

---

[2] Appellant suggests that the statute authorizes punishment for one who causes a riot in an Atlanta sports bar by cheering for the Minnesota Twins in the seventh game of the 1991 World Series.

*intent* to achieve a certain result and under circumstances producing a clear and present danger of achieving that result. The statute is not void for overbreadth. See *State v. Miller,* 260 Ga. 669 (2) (398 SE2d 547) (1990).

2. Appellant next maintains that the evidence presented at trial was not sufficient for a rational trier of fact to convict him of inciting to riot. In addition to the facts summarized supra, the State presented evidence that authorities had previously spoken to appellant about his similar conduct in a similar situation three days earlier than the incident for which appellant was arrested, and that appellant recognized, by his stated willingness to become a "martyr," the impact his conduct had on the audience he purposefully selected. The responding officers testified that appellant caused the crowd to become very agitated, and that only their arrival on the scene prevented a riot from erupting. The State presented sufficient evidence to authorize the jury to find appellant guilty beyond a reasonable doubt of inciting to riot. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Appellant next contends his conviction must be set aside because it infringes upon his federal and state constitutional right to free speech.

[T]he constitutional guarantees of free speech and free press do not permit a State to forbid or proscribe advocacy of the use of force or of law violation *except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action.*

(Emphasis supplied.) *Brandenburg v. Ohio,* 395 U. S. 444, 447 (89 SC 1827, 23 LE2d 430) (1969). The right of free speech entitles persons to express popular and unpopular ideas, beliefs and emotions, but the First Amendment does not extend to the inciting of riots. *State v. Loless,* 31 Ohio App.3d 5 (507 NE2d 1140) (1986). There is no constitutional infraction involved in the prohibition of words or conduct likely to produce an immediate danger of a breach of the public peace. *State v. Dargatz,* supra. See also *State v. Miller,* supra. The responding officers in the case at bar, well-versed in crowd control, described the crowd toward which appellant was directing his gesticulations as "very agitated" and "at the breaking point," and were of the opinion that only their arrival had prevented the outbreak of violence. Since appellant's conduct constituted inciting to riot, his speech is not afforded any constitutional protection.

4. The trial court permitted a witness to testify about a state-

ment made by appellant's companion[3] to the witness at a similar incident three days before the incident for which appellant was convicted. The trial court ruled that the hearsay was admissible to show the effect it had on the witness' state of mind. However, the conduct and motive of the witness were not relevant to the issue on trial, i.e., whether appellant, with intent to riot, did an act or engage in conduct which urged, counseled or advised others to riot, at a time and place and under circumstances that produced a clear and present danger of a riot. See *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982). We conclude that the admission of the hearsay was harmless error.

5. After the jury returned a guilty verdict, the trial court gave appellant a 12-month sentence to be served on probation. The probation was conditioned on appellant providing 100 hours of community service and not participating in Klan activities or being present in Hispanic neighborhoods.[4] Appellant complains that the condition of probation forbidding him from participating in Klan activities violates his First Amendment right to freedom of association.

Appellant's probationary sentence permits him to enjoy "conditional liberty properly dependent on observance of special parole restrictions." *Morrissey v. Brewer*, 408 U. S. 471, 480 (92 SC 2593, 33 LE2d 484) (1972). Considering the circumstances surrounding the crime for which appellant was convicted, the condition which appellant protests is tied to the rehabilitative purpose of his probationary sentence, and his loss of rights is rationally related to the purpose underlying the sentencing objective. *Allen v. State*, 258 Ga. 424 (3) (369 SE2d 909) (1988).

6. Appellant's remaining enumerations of error have been considered and found to be without merit.

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED FEBRUARY 25, 1993 —
RECONSIDERATION DENIED MARCH 18, 1993.

*Summer & Summer, Daniel A. Summer,* for appellant.
*Jerry Rylee, Solicitor, Graham McKinnon IV, Assistant Solicitor,* for appellee.

---

[3] The companion was charged with inciting to riot and wearing a mask, and was tried separately.

[4] The sentence was stayed pending appeal.