## S98A0706. THE STATE v. TIRABOSCHI.
(504 SE2d 689)

HINES, Justice.

The State appeals the trial court's sustaining Thomas J. Tiraboschi's special demurrer to a charge of felony murder.[1] For the reasons which follow, we reverse.

According to the indictment, while in possession of a sawed-off shotgun, Tiraboschi was driving a 1994 Ford Explorer that he knew was stolen. The police pursued Tiraboschi in a high-speed chase in which Tiraboschi exceeded the speed limit by more than 30 mph. The chase ended when he collided head-on with a vehicle driven by Lonnie Raymond Lang, who died as a result of injuries sustained in the collision.

Tiraboschi was indicted on six counts: 1) felony murder during the commission of the felony of fleeing and attempting to elude a police officer; 2) felony murder during the commission of theft by receiving and retaining a stolen motor vehicle, and possession of a sawed-off shotgun; 3) first degree homicide by vehicle; 4) felony fleeing and attempting to elude a police officer; 5) theft by receiving stolen property; and 6) possession of a sawed-off shotgun.

Tiraboschi filed a special demurrer to both counts of felony murder, and to the charge of felony fleeing and attempting to elude a police officer. The court sustained the demurrer as to the felony murder count based on the felony of fleeing and attempting to elude a police officer, and overruled the demurrer as to the separate charge of felony fleeing and attempting to elude a police officer.[2]

A person commits felony murder when, while committing a felony, he or she causes the death of another person, irrespective of malice. OCGA § 16-5-1 (c). The underlying felony must also be one that is dangerous per se; that is, its attendant circumstances must create a foreseeable risk of death. See *Ford v. State*, 262 Ga. 602, 603 (1) (423 SE2d 255) (1992).

Under OCGA § 40-6-395 (a), it is a misdemeanor for any driver to flee, elude, or fail to stop when a police officer signals to stop. However, a person commits a felony when he or she violates OCGA § 40-

---

[1] The crimes occurred on December 4, 1995. Tiraboschi was indicted on May 24, 1996. On August 13, 1996, Tiraboschi filed his special demurrer; argument was had on August 28, 1996, and on April 18, 1997, the court sustained the demurrer. The State filed its notice of appeal on May 19, 1997, and the appeal was docketed in the Court of Appeals on June 2, 1997; the Court of Appeals transferred the case to this Court on January 21, 1998. The appeal was docketed in this Court on January 29, 1998, and submitted for decision without oral argument on March 23, 1998.

[2] The court's order is silent as to the challenge to the felony murder charge based on theft by receiving and retaining a stolen motor vehicle and possession of a sawed-off shotgun, and the propriety of such a charge is not before us.

6-395 (a) in an attempt to escape arrest for a felony, and either: 1) drives in excess of 30 mph over the speed limit; 2) collides with another vehicle or pedestrian; 3) flees in traffic conditions such that the general public is placed at risk of serious injuries; or 4) leaves the state. OCGA § 40-6-395 (b) (5) (A). Tiraboschi was specifically charged with driving in excess of 30 mph over the speed limit, colliding with Lang's vehicle, and fleeing in traffic conditions such that the general public was placed at risk of serious injuries. In being charged with felony fleeing, Tiraboschi is not only charged with a felony, but is charged with a felony that is dangerous per se; by driving in the manner specifically alleged in the indictment, Tiraboschi created a foreseeable risk of death. The felony fleeing charge can therefore serve as a predicate to felony murder.

Tiraboschi contends the only homicide that he can be indicted for is vehicular homicide, OCGA § 40-6-393 (a). He argues that, because OCGA § 40-6-393 (a) refers to OCGA § 40-6-395 (a) as a predicate act, and because OCGA § 40-6-395 (b) (5) (A) defines the crime of *felony* fleeing as occurring only when OCGA § 40-6-395 (a) is violated in a certain manner, vehicular homicide *always* is present when felony fleeing results in a death. This is so because OCGA § 40-6-395 (a) *always* is violated in such a situation, and Tiraboschi contends other prosecution is inappropriate. This argument is unavailing.

It is certainly true that OCGA § 40-6-395 (a) is always violated whenever OCGA § 40-6-395 (b) (5) (A) is violated, but the fact remains that the acts alleged in the indictment fit the requirements of both felony murder and vehicular homicide. That a charge of vehicular homicide may also lie does not mean that the State is precluded from indicting Tiraboschi under both OCGA §§ 16-5-1 (c) and 40-6-393 (a). "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime." OCGA § 16-1-7 (a). Although Tiraboschi may not properly be sentenced for felony murder and vehicular homicide, that does not prevent his trial on both charges.[3] See OCGA § 16-1-7 (a); *Sanborn v. State*, 251 Ga. 169, 170 (4) (304 SE2d 377) (1983). The fact that the State also charged Tiraboschi with vehicular homicide is

---

[3] We note that vehicular homicide and felony murder here are not proved on identical facts. In order to gain a conviction for vehicular homicide, the State must prove that while fleeing or attempting to elude a police officer in the manner described in OCGA § 40-6-395 (a), Tiraboschi caused the death of another person. In order to gain a conviction for felony murder, the State must not only prove that Lang's death was caused by Tiraboschi fleeing or attempting to elude a police officer in the manner described in OCGA § 40-6-395 (a), but also that Tiraboschi was attempting to escape arrest for a felony, and was either driving in excess of 30 mph over the speed limit, collided with Lang's vehicle, or fled in traffic conditions such that the general public was placed at risk of serious injuries. Under these circumstances, felony murder is a greater offense. See *Carter v. State*, 269 Ga. 420, 423-424 (5) (499 SE2d 63) (1998).

not an appropriate basis on which to sustain a demurrer.

Contrary to Tiraboschi's claim, *State v. Foster*, 141 Ga. App. 258 (233 SE2d 215) (1977), does not serve as authority for the proposition that when a death occurs as a result of fleeing a police officer, the only homicide that can be charged is vehicular homicide under OCGA § 40-6-393 (a). First, that opinion did not deal with the crime of fleeing an officer, but with reckless driving. Second, the issue in that case was whether " 'reckless disregard for the safety of persons' as that phrase is used in the reckless driving statute" could supply implied "malice aforethought" necessary for a charge of malice murder. See *Foster v. State*, 239 Ga. 302 (236 SE2d 644) (1977). Neither the opinion of the Court of Appeals, nor this Court's opinion on certiorari, holds that, contrary to the express language of OCGA § 16-1-7 (a), an accused may be indicted for only one crime when his behavior would also establish the violation of another. The indictment comports with OCGA § 16-1-7 (a).

Tiraboschi also argues that in establishing the crime of felony fleeing in 1995, the General Assembly did not intend it to serve as a predicate felony for felony murder, and had it so intended, OCGA § 40-6-395 (b) (5) (A) would have included a reference to felony murder. However, statutes defining other predicate felonies also do not refer to felony murder, and those felonies are properly predicate felonies. See *Chapman v. State*, 266 Ga. 356, 358 (4) (467 SE2d 497) (1996). The legislature is presumed to know the condition of the law and to enact statutes with reference to it, *Avnet, Inc. v. Wyle Labs., Inc.*, 263 Ga. 615, 619-620 (2) (437 SE2d 302) (1993), and it must be concluded that when the General Assembly created the felony level crime of fleeing or attempting to elude, it knew that a violation of OCGA § 40-6-395 (b) (5) (A) would expose an accused to a charge of felony murder when death resulted.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998.

*Charles H. Weston, District Attorney, Laura D. Hogue, Wayne G. Tillis, Assistant District Attorneys,* for appellant.
*Leighton R. Berry, Jr.,* for appellee.