S98A1851. THE STATE v. BOYER.
(512 SE2d 605)

HINES, Justice.

Sandra Boyer was charged with one count of reckless conduct and one count of simple battery. The trial court sustained her demurrer, finding the reckless conduct statute, OCGA § 16-5-60 (b), unconstitutional as applied to the facts of the case. The court also found the simple battery charge "duplicitous" of the reckless conduct charge. The State appeals, and for the reasons which follow, we reverse.

1. Because of the posture of this case, the underlying facts have not been fully developed.[1] However, the State contends it would show that Boyer is an employee of a child day care center, and that, while supervising a room of 12-month-old children, she roughly handled a child who would not properly lie down for a nap, including forcefully pushing the child down on a mat by the back of the child's head.

OCGA § 16-5-60 (b) provides:

A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor.

Boyer contends that the statute is unconstitutionally vague. A statute is not unconstitutionally vague if its language provides persons of ordinary intelligence with notice as to what it prohibits so they may conduct themselves accordingly. *Land v. State,* 262 Ga. 898, 899 (1)

---

[1] Presently, the issue of the sufficiency of the evidence under *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is not before the Court.

(426 SE2d 370) (1993).

In declaring OCGA § 16-5-60 (b) unconstitutional as applied, the court relied on *Hall v. State*, 268 Ga. 89 (485 SE2d 755) (1997). However, *Hall* does not control. As *Hall* specifically recognizes, a constitutional attack to a statute on a vagueness ground that does not involve a First Amendment challenge must be decided on the particular facts of each case. Id. at 91 (1). The proffered circumstances of this case are markedly different from those in *Hall*. Hall left four children alone in her home for four hours; the oldest child was aged eleven years and nine months. The other children were five, three, and one. The State contended that leaving the three younger children in the care of the oldest child was done in conscious disregard of the risk that a child might be hurt, as did occur. This Court determined that "[o]rdinary intelligence does not dictate that a statute forbidding the conscious disregard of a substantial risk necessarily encompasses a prohibition against leaving young children in the care of an older child who is almost 12 years old." Id. at 92 (2).

Here, however, the accusation alleged Boyer "knowingly and intentionally endanger [sic] the safety of another, to wit: Haley Tolbert by consciously disregarding a substantial and unjustifiable risk that his [sic] act, would cause the harm or endanger the safety another [sic]; said act being: roughly handling said victim." Thus, unlike Hall, Boyer is accused of taking direct, physical, and adverse action against an infant. Boyer's conduct is more akin to that of the defendant in *Horowitz v. State*, 243 Ga. 441 (254 SE2d 828) (1979), who drove an automobile in a reckless manner (an action which the statute was sufficiently definite to advise him was prohibited). Like Horowitz, Boyer is alleged to have taken affirmative action from which harm might directly result. Hall's action required additional circumstances to produce harm and *Hall* therefore does not serve as controlling precedent for a vagueness challenge based on the proffered circumstances in Boyer's case.

The statute provides ample notice to Boyer that the conduct of which she is accused is prohibited. See *Land*, supra. Roughly handling an infant clearly may endanger the bodily safety of the infant. That risk is clear, substantial, and unjustifiable, and disregarding such a risk would be a gross deviation from the standard of care a reasonable person would exercise in the situation.

Boyer also argues that *Hall* implicitly declared OCGA § 16-5-60 (b) unconstitutional in all applications. However, this is not so. Rather, *Hall* specifically found OCGA § 16-5-60 (b) unconstitutional only as it applies to the facts found therein, a limitation required by the threshold principle that a non-First Amendment vagueness challenge is decided by the facts of the case.

Under these facts, the statute also supplies explicit standards

for enforcement. Compare *Hall*, supra at 93. It is directed at limiting the risks that one person will cause another, and does so in terms that advise a person of ordinary intelligence that the behavior here alleged is prohibited. Its terms also notify those who enforce the law what behavior is prohibited; the fact that application of the statute's standards sometimes requires an assessment of the surrounding circumstances to determine if the statute is violated does not render it unconstitutional. See *State v. Miller*, 260 Ga. 669, 674 (2) (398 SE2d 547) (1990). Compare *Hall*, supra at 93. Further, unlike *Hall*, this is not a situation in which the statute is enforced only in hindsight, because of the consequences that flowed from Boyer's actions. The accusation is premised on the risk posed to the infant, which is the evil the statute is to remedy; there is no accusation that the health of the infant was actually injured. In Boyer's case, there is no suggestion that the defendant's actions are seen as placing another at risk only when viewed in hindsight. Compare *Hall*, supra at 94.

2. The trial court also determined the simple battery charge to be "duplicitous" of the reckless conduct count, citing OCGA § 16-1-7 (a) (2), which prohibits multiple prosecutions. "An accusation is duplicitous if it joins 'separate and distinct offenses in one and the same count.' [Cit.] 'Duplicity' is '[t]he technical fault in . . . pleading of uniting . . . two or more offenses in the same count of an indictment. . . .' [Cit.]" *Peters v. State*, 175 Ga. App. 463, 465 (1) (333 SE2d 436) (1985) (overruled on other grounds, *Hogan v. State*, 178 Ga. App. 534, 535 (343 SE2d 770) (1986)). That has not occurred here. To the contrary, the battery and reckless conduct charges are, properly, in separate counts of the accusation.

Nor does OCGA § 16-1-7 (a) (2) provide a basis for dismissing one of the counts of the accusation. In fact, OCGA § 16-1-7 (a) (2) specifically allows Boyer to be prosecuted on two separate counts for the same transaction:

> When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: . . . The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

Boyer's alleged conduct fits the definition of more than one crime, and the State may charge her with any and all crimes that arise from that behavior. See *State v. Tiraboschi*, 269 Ga. 812, 813-814 (504 SE2d 689) (1998). That she may not be *sentenced* for more than one crime based on the same criminal act does not mean that the State

must choose to charge her with only a single crime. Id.

*Judgment reversed. All the Justices concur, except Carley and Thompson, JJ., who concur specially, and Fletcher, P. J., and Sears, J., who dissent.*

CARLEY, Justice, concurring specially.

Concluding that *Hall v. State,* 268 Ga. 89 (485 SE2d 755) (1997) is factually distinguishable, the court today holds that OCGA § 16-5-60 (b) is not unconstitutional as applied in this case. While I agree that the reckless conduct statute is constitutional when evaluated in the context of Ms. Boyer's challenge, I do not believe that *Hall* can be distinguished. As the author of the three-justice dissent in *Hall,* I adhere to my opinion that the legal analysis employed by the majority in that case was incorrect. Indeed, I respectfully submit that the circuitous attempt in the present case to distinguish *Hall* reveals that *Hall* was wrongly decided.

At the time of the ruling on their respective constitutional challenges, neither Ms. Hall nor Ms. Boyer had been tried. The only question presented for decision was the validity of each defendant's pre-trial challenge to the constitutionality of OCGA § 16-5-60 (b). The question presented to the trial court in both cases was whether the terms of the reckless conduct statute convey a sufficiently definite warning of the proscribed conduct when measured by common understanding, and whether those statutory terms also provide explicit standards to prevent arbitrary enforcement. *Douglas v. State,* 263 Ga. 748, 749 (2) (438 SE2d 361) (1994). In addressing such a pre-trial constitutional challenge, a court is "required to accept well-pleaded allegations of the indictment as the hypothesis for decision" and is, therefore, "bound by the well-pleaded allegations of the indictment. . . ." *United States v. Nat. Dairy Products Corp.,* 372 U. S. 29, 33 (II), fn. 2, 37 (IV) (83 SC 594, 9 LE2d 561) (1963).

Thus, this case can and should be resolved only on the basis of the allegations of criminal conduct contained in the indictment. Under those allegations, Ms. Boyer is charged with violating OCGA § 16-5-60 (b) by "roughly handling [the] victim." Clearly, a person of common intelligence would recognize that an act of subjecting another to rough handling is encompassed within the statutory proscription on "reckless conduct." See *Horowitz v. State,* 243 Ga. 441 (254 SE2d 828) (1979). Likewise, OCGA § 16-5-60 (b) is not unconstitutional simply because it permits an officer to make an assessment of what constitutes "rough handling" of the victim before arresting a person for "reckless conduct." See *State v. Miller,* 260 Ga. 669, 673 (2) (398 SE2d 547) (1990). Therefore, the trial court erred in declaring that OCGA § 16-5-60 (b) was unconstitutional in this case.

A constitutional challenge to a criminal statute which is not

based on alleged violations of the First Amendment must be examined in light of the facts of the case at hand. *United States v. Mazurie*, 419 U. S. 544, 550 (II) (95 SC 710, 42 LE2d 706) (1975). However, where, as here, and as in *Hall*, the constitutionality of such a criminal statute is raised in the context of a pre-trial attack, the only relevant facts of the case are the terms of the statute itself and the allegations of the indictment or accusation. *United States v. Nat. Dairy Products Corp.*, supra. In this case, the Court perpetuates the erroneous premise of *Hall* that such a pre-trial constitutional challenge is to be decided on the basis of the evidence which the State *intends* to introduce at trial to prove the defendant's guilt. The anomalous effect of the holding in *Hall* is to convert a defendant's constitutional attack on a statute into a pre-trial motion for a directed verdict of acquittal. *Hall* was wrongly decided and should be overruled rather than followed. The order in this case should be reversed because Ms. Boyer failed to prove that the reckless conduct statute is unconstitutional as applied to the allegation that she violated that statute by rough handling the victim.

I am authorized to state that Justice Thompson joins in this special concurrence.

SEARS, Justice, dissenting.

I respectfully dissent. The indictment charging Boyer with reckless conduct in violation of OCGA § 16-5-60 (b) alleged that she:

> Knowingly and intentionally endanger[ed] the life of another, to wit: [ ] by consciously disregarding a substantial and unjustifiable risk that [her] act would cause harm or endanger the safety of another; said act being: roughly handling [the] victim.

As noted in the majority opinion, because this matter is reviewed following the trial court's denial of Boyer's motion to quash, the underlying facts are not developed. However, the State has represented to this Court that it expects the evidence to show that Boyer, a day care center employee, was supervising a room of twelve-month-olds during their nap period; that one of the children would not sleep and kept "popping up";[2] that Boyer lifted the child and "plopped her on her belly" and dragged the child's sleeping mat a short distance; and that when the child "kind of popped up again . . . Boyer pushed her down by the back." There is no allegation that the child appeared to have been injured or even upset by Boyer's actions. In fact, the

---

[2] A review of the record shows that by "popping" up, the indictment refers to the child's lifting up of its head and torso while lying on its stomach.

child did not cry or make any sounds of protest. Nor is it alleged that Boyer's actions caused any marks or discoloration to appear on the child's skin, or otherwise harmed the child.

1. The majority is, of course, correct that Boyer's vagueness challenge to OCGA § 16-5-60 (b) must be evaluated on the facts of this case.[3] However, the statute's prohibition against "consciously disregarding a substantial and unjustifiable risk [of harm] or endanger[ing] the safety of [another] . . . in gross deviation from the standard of care which a reasonable person would exercise in the situation,"[4] does not provide fair notice that it prohibits the type of conduct engaged in by Boyer. "[T]he principle that due process requires . . . criminal statutes [to] give sufficient warning to enable [individuals] to conform their conduct to avoid that which is forbidden is one of the great bulwarks of constitutional liberty."[5] This Court and the United States Supreme Court have consistently equated the "sufficient warning" of prohibited conduct required of criminal statutes to the provision of "fair notice" that by engaging in such conduct, one will be held criminally responsible.[6] Of course, every mere uncertainty as to a statute's applicability will not render it void for vagueness.[7] However, it is beyond question that the Due Process Clause requires that the law give a person of ordinary intelligence fair warning that her specific conduct is forbidden, so that she may conduct herself accordingly.[8] " 'All persons are entitled to be informed as to what the State commands or forbids.' "[9]

Bearing these principles in mind, I believe it is obvious that the Reckless Conduct Statute did not provide Boyer with fair notice that she could be held criminally responsible for her actions at the day care center. Neither ordinary intelligence nor common sense dictate that a statute forbidding the conscious disregard of a substantial risk in gross deviation of an acceptable standard of care encompasses a prohibition against "plopping" a 12-month-old down on its stomach, and, when the child "popped" up again, "pushing it [back] down" — with force that does not even hurt the child or cause the child to

---

[3] *Hall v. State*, 268 Ga. 89, 91 (485 SE2d 755) 1997).

[4] OCGA § 16-5-60 (b).

[5] *Rose v. Locke*, 423 U. S. 48, 59 (96 SC 243, 46 LE2d 185) (1975) (Brennan, J., dissenting).

[6] *Hall*, supra; *Roemhild v. State*, 251 Ga. 569, 572 (308 SE2d 154) (1983). See *Rose*, 423 U. S. at 49-50; *Papachristu v. City of Jacksonville*, 405 U. S. 156, 162 (92 SC 839, 31 LE2d 110) (1972); *Grayned v. City of Rockford*, 408 U. S. 104, 108 (92 SC 2294, 33 LE2d 222) (1972); *Sabel v. State*, 250 Ga. 640 (300 SE2d 663) (1983).

[7] See *Rose*, 423 U. S. at 50.

[8] Id.; *Hubbard v. State*, 256 Ga. 637, 639 (352 SE2d 383) (1987); *United States v. Harris*, 347 U. S. 612, 617 (74 SC 808, 98 LE 989) (1954).

[9] *Hall*, 268 Ga. at 92, quoting *Lanzetta v. New Jersey*, 306 U. S. 451, 453 (59 SC 618, 83 LE 888) (1939).

become upset. In fact, it would appear that section 16-5-60 (b) "forbids no specific or definite act," and fails to "fix . . . an ascertainable standard of guilt,"[10] thereby indicating that it is impermissibly vague.[11]

If, as the majority holds, the Reckless Conduct Statute did provide Boyer with fair notice that her conduct was prohibited by criminal statute, it bears noting a few of the myriad other situations to which the Statute's prohibitions will apply. Because the Reckless Conduct Statute is most often applied to women who care for children,[12] it is meaningful to look at its scope in the context of child rearing. If Boyer's "plopping" and "pushing" are criminal actions under the Reckless Conduct Statute, then the same must be true for moderate corporal punishment, even where administered by a parent or custodian. After all, despite the existence of effective psychological methods of disciplining children, physical punishment and restraint remain common methods of control used by many parents. Parents' use of physical discipline is influenced, in some instances, by family custom, religious beliefs, social class, and resources. Should such parents risk criminal penalties if they paddle their child, or "pop" their child on the back of the head with an open hand? Some would characterize such means of discipline as far too severe, while others would simply label them "no-nonsense." To some in the former group, these means of physical discipline create "unjustifiable risks of harm" and "endanger a child's safety" — acts that are expressly criminalized by the Reckless Conduct Statute. To some in the latter group, that idea is preposterous. However, after reading the Statute, neither group can be certain whether, by physically disciplining a child in a firm but non-abusive manner, they have subjected themselves to the possibility of prosecution under the Statute. As explained above, fundamental notions of due process forbid such ambiguity in a criminal statute.[13]

2. As applied to Boyer's case, the Reckless Conduct Statute also is unconstitutionally vague for a second, equally compelling reason. The Statute also violates the prohibition against vague laws because it fails to provide explicit standards for those who would apply it, and

---

[10] *United States v. L. Cohen Grocery Store Co.*, 255 U. S. 81, 89 (41 SC 298, 65 LE 516) (1920) .

[11] See id.

[12] See, e.g., *Hall*, supra.

[13] Of course, this is to say nothing of the other issues raised by the application of the Statute to child discipline. For example, is it proper for the State to impose criminal penalties for widely-accepted, non-abusive means of child discipline? Because the disparate means of child discipline often correspond to cultural lines, would application of the Statute to this conduct raise equal protection concerns?

is susceptible to arbitrary and selective enforcement.[14] Criminal statutes must set forth sufficiently definite standards for those responsible for their enforcement "so that basic policy matters are not impermissibly delegated 'to policemen, judges, and juries for resolution on an ad hoc and subjective basis [ ].' "[15] The Due Process Clause prohibits statutes that, by avoiding the requisite definite standards, " 'allow the net to be cast at large, to allow [persons] to be caught who are vaguely undesirable in the eyes of police and prosecution.' "[16]

The Reckless Conduct Statute, as applied in this case, suffers from these very infirmities. The Statute lacked definite and explicit standards to guide its enforcement against Boyer. This is shown quite obviously by the facts of this case — Boyer's "plopping" and "pushing" at the day care center were recorded on videotape. After authorities were notified of her purported "rough handling" of the child, several police officers were called to the scene, where they reviewed the videotape and examined the child. No arrest was made and Boyer was told she could continue her work at the day care center on that day. It was over three months after the incident occurred, after countless viewings of the videotape by law enforcement officers, that a decision was made to indict Boyer.

Clearly, authorities were unsure whether Boyer's actions were in deviation of the statute, and thus were prohibited. That determination was made by law enforcement officials only after lengthy deliberation, and necessarily was based upon their own predilections and standards. Thus, the determination of whether Boyer took a "substantial and unjustified" risk was entirely dependent upon the subjective views of law enforcement officials. It is axiomatic that, because this is a nation of laws rather than individuals, criminal statutes proscribe specific conduct, not any individual's perception of that conduct. As observed by the United States Supreme Court when declaring a federal statute unconstitutionally vague:

> An attempt to enforce the [Statute] would be the exact equivalent of an effort to . . . penalize and punish all acts detrimental to the public interest when unjust or unreasonable in the estimation of the court and jury. . . . [The Statute] leaves open . . . the widest conceivable inquiry, the scope of which no one can foresee and the result of which no one can foreshadow or adequately guard against.[17]

---

[14] See *Grayned*, 408 U. S. at 108-109; *Papachristu*, 405 U. S. at 166-167; *Roemhild*, 251 Ga. at 572.

[15] *Roemhild*, supra (quoting *Grayned*, 408 U. S. at 109).

[16] *Papachristu*, 405 U. S. at 166 (quoting *Winters v. New York*, 333 U. S. 507 (68 SC 665, 92 LE 840) (1948)).

[17] *Cohen*, 255 U. S. at 89.

As applied in this case, the Statute's lack of definiteness about what risks are "substantial and unjustifiable" enabled law enforcement officials to "cast a wide net,"[18] and ensnare an individual whose actions were deemed to be unjust and unreasonable only when viewed in retrospect, and only after considerable and subjective deliberation. This offends the constitutional prohibition against vague laws, and should not be sanctioned.

To conclude, the Reckless Conduct Statute, as applied to this case, both (1) failed to provide persons of ordinary intelligence with notice that it prohibits the type of conduct engaged in by Boyer, and (2) is vaguely worded so as to encourage arbitrary and selective enforcement by police, prosecutors, and juries, acting on an ad hoc basis. Therefore, I believe that the Statute as applied in this case offends fundamental notions of due process, and that the trial court correctly sustained Boyer's demurrer. For these reasons, I respectfully dissent.

I am authorized to state that Presiding Justice Fletcher joins in this dissent.

DECIDED FEBRUARY 22, 1999 —
RECONSIDERATION DENIED MARCH 19, 1999.

*Richard W. Shelton, Solicitor,* for appellant.
Sandra Boyer, *pro se.*
*Sheryl B. Jolly, Solicitor, Richmond County, Carmen D. Smith, Solicitor, Fulton County, Alvin G. Hollingshed,* amici curiae.