In the Supreme Court of Georgia

Decided: September 12, 2016

S16A0965.  WILLIAMS v. THE STATE.

HUNSTEIN, Justice.

We granted this interlocutory appeal to address whether OCGA § 16-12-1, as it applies to felony contributing to the deprivation or delinquency of a minor, qualifies as a predicate offense for felony murder.  We hold that it does not and we reverse the judgment of the trial court.

Appellant Allan Ray Williams was indicted in Bulloch County in connection with the death of infant Collen Durden for, among other offenses, felony murder predicated on the felony offense of contributing to the deprivation of a minor.  Specifically, Williams was charged with felony murder "while in the commission of a felony, Contributing to the Deprivation of a Minor, by willfully failing to care for said child so that [he] died from asphyxiation in violation of OCGA § 16-12-1 (b) (3)."  Appellant filed a general demurrer with respect to this charge, contending that the offense of contributing

to the deprivation of a minor could not serve as the predicate for a felony murder charge because OCGA § 16-12-1 provides the exclusive scheme of punishment for child deprivation crimes resulting in death.  The trial court summarily denied Appellant's general demurrer.

"As in all appeals involving the construction of statutes, our review is conducted under a de novo standard."  Hankla v. Postell, 293 Ga. 692, 693 (749 SE2d 726) (2013).  Pursuant to the rules of statutory construction, we

> presume that the General Assembly meant what it said and said what it meant.  To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

(Citations and punctuation omitted.)  Deal v. Coleman, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013).  "Applying these principles, if the statutory text is 'clear and unambiguous,' we attribute to the statute its plain meaning, and our search for statutory meaning is at an end."  Id. at 173.

Georgia's felony murder statute states that "A person commits the offense of murder when, in the commission of a felony, he or she causes the death of another human being irrespective of malice."  OCGA § 16-5-1 (c).  Upon

2

conviction of this offense, a person "shall be punished by death, by imprisonment for life without parole, or by imprisonment for life." Id. at (e) (1).

A person commits the offense of contributing to the delinquency or dependency of a minor when such person "[w]illfully commits an act or acts or willfully fails to act when such act or omission would cause a minor to be adjudicated to be a dependent child as such term is defined in Code Section 15-11-2." OCGA § 16-12-1 (b) (3). Such an act is deemed a felony when a person is "convict[ed] of an offense *which resulted in the serious injury or death of a child*, without regard to whether such offense was a first, second, third, or subsequent offense." (Emphasis added.) OCGA § 16-12-1 (d.1) (1). The sentencing range for this felony offense is found in OCGA § 16-12-1 (e)[1]. This statute was enacted after the felony murder statute.

Because "[t]he legislature is presumed to know the condition of the law and to enact statutes with reference to it," State v. Tiraboschi, 269 Ga. 812, 813 (504 SE2d 689) (1998), we will construe the language of OCGA § 16-12-1

---

[1] "(1) Upon conviction of the first offense, the defendant shall be imprisoned for not less than one nor more than ten years; and (2) Upon conviction of the second or subsequent offense, the defendant shall be imprisoned for not less than three years nor more than 20 years."

3

considering the pre-existing felony murder statute because "the provisions of the statute enacted latest in time carry greater weight," Wright v. Robinson, 262 Ga. 844, 846 (1) (426 SE2d 870) (1993). Moreover, "a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent." (Citation omitted.) State v. Nankervis, 295 Ga. 406, 409 (2) (761 SE2d 1) (2014). See also Woods v. State, 279 Ga. 28, 31 (3) (608 SE2d 631) (2005) ("Where a crime is penalized by a special law, the general provisions of the penal code are not applicable.").

Looking at both the plain language of the statutes, as well as the sequence of their adoption, we come to the conclusion that the felony deprivation statute cannot be used as a predicate offense for felony murder. The clear language of OCGA § 16-12-1 (d.1) (1) & (e) specifically criminalizes the death of a minor resulting from an accused's contribution to the deprivation or delinquency of that child, whereas felony murder criminalizes general felony conduct resulting in death of another. Because the felony deprivation statute specifically criminalizes the actions or inactions of an accused resulting in the death of a child, the general provisions of the earlier enacted felony murder statute are inapplicable to OCGA § 16-12-1 (d.1) (1). Further, because the legislature is

4

presumed to have known the condition of Georgia's felony murder law when it enacted OCGA § 16-12-1 (d.1) (1) & (e), it must be concluded that the General Assembly created the crime of felony deprivation knowing that a violation of that statute would be specifically sentenced pursuant to OCGA § 16-12-1 (e) and therefore not subject to the felony murder sentencing scheme.

Additionally, we have long recognized that the purpose of the felony murder rule is "to furnish an added deterrent to the perpetration of felonies which, by their nature or by the attendant circumstances, create a foreseeable risk of death." (Citation and punctuation omitted.) Chapman v. State, 266 Ga. 356, 358 (2) (467 SE2d 497) (1996). Here, however, the General Assembly has addressed the "foreseeable risk of death" that could result in the deprivation statute by doing two things. First, the General Assembly added the phrase "resulting in the serious injury or death of a child" within the felony code section. This portion of the statute requires the State to prove the accused's actions or inactions resulted in the death or serious injury of a child beyond a reasonable doubt in order to obtain a felony conviction. Second, the General Assembly created, and later enacted a specific sentencing scheme for individuals convicted under the felony deprivation statute, including for acts resulting in the

5

serious injury *or death* of a child. Consequently, this offense cannot be used as a predicate for felony murder, because it has a separate and distinct criminal disposition for those who cause the death of another. See OCGA § 16-5-1 (c), (e) (1); compare OCGA § 16-12-1 (e). Indeed, allowing a crime committed under OCGA § 16-12-1 (d.1) (1) to be a predicate offense where the State charges an accused of felony murder could render the sentencing provision set forth in OCGA § 16-12-1 (e) effectively meaningless, thus forcing judges to impose a life sentence every time a defendant is convicted of a felony under the deprivation statute for conduct resulting in death, as opposed to having the discretion to implement a sentence pursuant to OCGA § 16-12-1 (e) as designated by the General Assembly. The State cannot circumvent the specific sentencing scheme established by the General Assembly in OCGA § 16-12-1 (e) by subsuming it into the felony murder statute in order to take advantage of a harsher sentencing provision. Cf. State v. Slaughter, 289 Ga. 344, 346 (711 SE2d 651) (2011) (affirming the principal "that a felony used to convict a defendant of possession of a firearm by a convicted felon cannot also be used to enhance the defendant's punishment as a repeat offender under OCGA §

17–10–7(a)," as it would eviscerate the sentencing provision of the criminal possession statute.) (Citation omitted).

The State relies heavily on this Court's decision in State v. Tiraboschi, to argue that OCGA § 16-12-1 (d.1) (1) qualifies as a predicate offense for felony murder. However, our holding in Tiraboschi is inapplicable here. Tiraboschi was indicted for, inter alia, vehicular homicide and felony murder, both predicated on felony fleeing and attempting to elude a police officer. Tiraboschi filed a pre-trial demurrer on the felony murder charge, arguing that felony fleeing and attempting to elude a police officer could only be used as a predicate offense for vehicular homicide and not felony murder; this Court rejected that argument.

Unlike the felony fleeing statue at issue in Tiraboschi, which does not require proof of conduct resulting in death, here, both the felony murder and the felony deprivation statutes require the State prove that an accused's conduct resulted in the death of another. Moreover, both statutes in this case have a specific sentencing scheme for a person convicted of conduct resulting in death, therefore, accounting for the "foreseeable risk of death" that is not present in the felony fleeing statute in Tiraboschi.

The plain language of OCGA § 16-12-1 establishes that the felony deprivation statute cannot be used as a predicate offense for felony murder. Accordingly, the trial court should have granted Appellant's demurrer to count 1 of his indictment.

Judgment reversed. All the Justices concur.