**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 19, 2024**

# In the Court of Appeals of Georgia

A24A0663. SMALLEY v. THE STATE.

MERCIER, Chief Judge.

Following a negotiated guilty plea, Kentavius Smalley was convicted of possession of more than one ounce of marijuana and possession of a firearm during the commission of a felony. The trial court sentenced him to two consecutive five-year terms of probation, but refused to include a behavioral incentive date ("BID") in the sentencing order. Smalley appeals, arguing that the trial court erred in not providing him with a BID in accordance with OCGA § 17-10-1. For reasons that follow, we vacate Smalley's sentencing order and remand the case for inclusion of a BID.

Before pronouncing sentence at the plea proceeding, the trial court asked defense counsel whether "there [was] anything [she] wish[ed] to state on [her]

client's behalf[.]" Defense counsel requested that the sentence include a BID, noting that Smalley had no prior criminal history. In response, the State questioned whether a BID was appropriate, given that, under the negotiated plea, the probationary sentences on the two counts were to "run consecutively." After further discussion, the trial court stated that it would not "give a behavioral incentive date" and sentenced Smalley to two consecutive terms of probation. The judgment of conviction does not contain a BID.

Pursuant to OCGA § 17-10-1 (a) (1) (B) (i), the legislature has established a pathway for early termination of probationary sentences served by first-time felony offenders who meet certain conditions. The statute provides:

> When a defendant with no prior felony conviction is convicted of felony offenses or is charged with felony offenses and is sentenced pursuant to subsection (a) or (c) of Code Section 16-13-2 or Article 3 of Chapter 8 of Title 42, and the court imposes a sentence of probation or not more than 12 months of imprisonment followed by a term of probation, the court shall include a behavioral incentive date in its sentencing order that does not exceed three years from the date such sentence is imposed. Within 60 days of the expiration of such incentive date, if the defendant has (1) paid all restitution owed; (2) not had his or her probation revoked in the immediately preceding 24 months, or when the court includes a behavioral incentive date less than two years from the date a sentence

was imposed, not had his or her probation revoked during such period; and (3) not been arrested for anything other than a nonserious traffic offense as defined in Code Section 35-3-37, the Department of Community Supervision shall notify the prosecuting attorney and the court of such facts. The Department of Community Supervision shall provide the court with an order to terminate such defendant's probation which the court shall execute unless the court or the prosecuting attorney requests a hearing on such matter within 30 days of the receipt of such order. The court shall set the matter for a hearing as soon as possible but not more than 90 days after receiving the order to terminate. The court shall take whatever action it determines would be for the best interest of justice and the welfare of society.

OCGA § 17-10-1 (a) (1) (B) (i).

Without dispute, Smalley had no prior felony convictions when he was sentenced on the charges here, and he received a sentence of "straight probation." He thus argues that the trial court was required to include a BID in his sentence. See OCGA § 17-10-1 (a) (1) (B) (i) ("the court *shall* include a behavioral incentive date in its sentencing order") (emphasis supplied). According to the State, however, Smalley

does not qualify for a BID because he was not sentenced as a first offender or given a conditional discharge.[1]

To resolve this issue, we turn to the text of OCGA § 17-10-1 (a) (1)( B) (i). Statutory interpretation presents a question of law that we consider de novo, giving no deference to the trial court's ruling. See *Owens v. State*, 353 Ga. App. 848, 850 (1) (840 SE2d 70) (2020). In construing a criminal statute, we look first to its plain meaning:

> Where the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly. Criminal statutes are construed strictly against the State, they must be read according to the natural and obvious import of their language, and their operation should not be limited or extended by application of subtle and forced interpretations. Also, if a criminal statute is susceptible to more than one reasonable interpretation, the interpretation most favorable to the party facing criminal liability must be adopted.

Id.

---

[1] In its brief, the State suggests that Smalley received a conditional discharge for felony possession of marijuana, but not for the weapons charge. Our review of the record does not show a conditional discharge for either count, and Smalley asserts that he "did not request first offender [treatment] or [a] conditional discharge."

Section 17-10-1 (a) (1) (B) (i) mandates that a BID be included in a straight-probationary sentence when a defendant who has no prior felony convictions "is convicted of felony offenses or is charged with felony offenses and is sentenced [under the conditional discharge provisions of OCGA § 16-13-2 (a) or (c)] or [as a first offender under OCGA § 42-8-60 et seq.][.]" Parsing the "and" and "or" in this statutory language, the State contends that

> it was the intent of the legislature to provide that any defendant similarly situated to Smalley (i.e., no prior felony convictions) who is convicted of a felony (or charged with one) **and** who is sentenced under OCGA § 16-13-2 or OCGA § 42-8-60, shall receive a [BID].

(emphasis in original). In other words, the State argues that a defendant convicted for the first time of a felony must *also* be sentenced under the conditional discharge or first offender provisions to qualify for a BID.

We disagree. Prior to 2018, the BID statutory language did not reference conditional discharge or first offender treatment, stating only that "[w]hen a defendant is convicted of felony offenses, has no prior felony conviction, and the court imposes a sentence of probation, not to include a split sentence, the court shall include a behavioral incentive date in its sentencing order[.]" OCGA § 17-10-1 (a) (1) (B)

(2017). In 2018, however, the legislature amended the provision, adding the conditional discharge and first offender language present in the current statute. See OCGA § 17-10-1 (a) (1) (B) (2018). At the time of the 2018 amendment, the express terms of OCGA § 16-13-2 (a) and (c) provided that a conditional discharge entered pursuant to those subsections was "without court adjudication of guilt and shall not be deemed a conviction for purposes of this Code section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime." OCGA § 16-13-2 (a) & (c) (2017). This same language appears in the current version of the statute. See OCGA § 16-13-2 (a) & (c). Similarly, a defendant who receives first offender treatment at felony sentencing is "not convicted of any felony offenses." *Mays v. State*, 345 Ga. App. 562, 565 (814 SE2d 418) (2018). In both 2018 and today, therefore, a defendant receiving first offender treatment or a conditional discharge under OCGA § 16-13-2 is not convicted of the crime charged.

The term "conviction" in OCGA § 17-10-1 (a) (1) (B) (i) means exactly that — a conviction, not a conditional discharge or a first offender sentence. See *Mays*, 345 Ga. App. at 564 ("In considering the meaning of a statute, our charge as an appellate court is to presume that the General Assembly meant what it said and said what it

meant.) (citation and punctuation omitted). The only reasonable interpretation of the statute is that when a trial court imposes probation for a felony sentence (or not more than 12 months of imprisonment followed by a term of probation), it must provide a BID to a first-time felony offender who is *either* (1) convicted of a felony, *or* (2) charged with (not convicted of) a felony and sentenced as a first offender or conditionally discharged pursuant to OCGA § 16-13-2 (a) or (c). To find otherwise ignores the statute's plain language and disregards the clear distinction between a conviction and sentencing under the conditional discharge/first offender provisions. See *Williams v. State*, 299 Ga. 632, 634 (791 SE2d 55) (2016) ("[T]he legislature is presumed to know the condition of the law and to enact statutes with reference to it[.]" ). Moreover, even if the statutory language could reasonably be read as both Smalley and the State suggest, we must adopt the interpretation most favorable to Smalley, the party facing criminal liability. See *Owens*, 353 Ga. App. at 850 (1).

Because Smalley, a first-time felony offender, was convicted of a felony and given a straight probationary sentence, the trial court was required to include a BID in the sentencing order. See OCGA § 17-10-1 (a) (1) (B) (i). Accordingly, we vacate

7

Smalley's sentencing order and remand the case for the trial court to include a BID in the sentence.

*Judgment vacated, and case remanded. McFadden, P. J., and Rickman, J., concur.*